772 P.2d 1246

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy PINKNEY,
Defendant–Appellant.**

No. 17287.

Court of Appeals of Idaho.

May 2, 1989.

Jonathan W. Cottrell, Sandpoint, for appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Timothy Pinkney appeals from a judgment of conviction entered upon a jury's verdict of guilty of injuring another by discharge of a firearm. The issues are whether the trial judge abused his discretion by not expressly instructing the jury that self-defense applies to lesser included offenses, and whether the trial judge should have instructed the jury on whether unlawful possession of a firearm has any effect on the right of self-defense. We vacate the judgment and remand for a new trial.

The essential facts and procedure are straightforward. During a confrontation in an alley Pinkney fired a pistol and wounded an individual whom he regarded as an attacker. An information was filed charging Pinkney with aggravated battery. At trial the jury was given instructions on self-defense. The jury also learned that Pinkney had been convicted of a felony. The jury was appropriately instructed that the previous conviction could be considered for impeachment purposes only. After the jury had deliberated for nearly five hours, a juror sent a note to the trial judge. The note asked whether self-defense applied to lesser included offenses. The note also surmised that Pinkney's possession of a firearm was unlawful as a result of the prior felony conviction; it inquired whether this "fact" would negate self-defense as to the included offenses. The judge consulted with trial counsel. Pinkney's attorney urged the court to answer the juror's questions specifically. However, the judge directed the jurors to review the jury instructions as a whole to resolve the questions. He reminded them not to speculate about the law and invited them to ask further questions if necessary. Approximately forty-five minutes later, the jury returned a verdict of guilty of injuring another by discharge of an aimed firearm.

**1154**

In general, it is within the trial court's discretion to determine whether, and the manner in which, to respond to a question posed by the jury during deliberations. I.C.R. 30(b). *See also Dawson v. Olson*, 97 Idaho 274, 543 P.2d 499 (1975). This grant of discretion is premised on the assumption that the instructions as given are clear, direct and proper statements of the law. *Dawson v. Olson, supra.* Consequently, if a jury expresses doubt or confusion on a point of law correctly and adequately covered in a given instruction, the trial court in its discretion may explain the given instruction or further instruct the jury but it is under no duty to do so. However, if a jury makes explicit its difficulties with a point of law pertinent to the case, thereby revealing a defect, ambiguity or gap in the instructions, then the trial court has the duty to give such additional instructions on the law as are reasonably necessary to alleviate the jury's doubt or confusion. *Dawson v. Olson, supra. See also* I.C. §§ 19–2132(a) and 19–2204 (trial court must instruct the jurors on all matters of law necessary for their information).

Here, the instructions given on self-defense, read as a whole, adequately stated that self-defense is applicable to lesser included offenses. Therefore, the trial judge was under no duty to further instruct the jury on this matter. The trial judge did not abuse his discretion by referring the jurors back to the instructions in response to this question. However, the instructions did not address the effect, if any, that unlawful possession of a firearm might have on self-defense. Consequently, the trial court had the duty to further instruct on this point. A judge or lawyer reading all of the instructions carefully might have been able to discern that a person may lawfully defend himself even with a weapon he unlawfully possesses. However, as we said in *State v. Williams*, 103 Idaho 635, 640, 651 P.2d 569, 574 (Ct. App.1982), "instructions are intended for jurors, not for judges or lawyers." The failure here to directly deal with one juror's obvious confusion allowed that juror—and perhaps others—to speculate on this point of law. Such speculation deprived Pinkney of the full benefit of his claim of self-defense. Because of this error, we hold that Pinkney is entitled to a new trial.

The judgment of conviction is vacated. The case is remanded for a new trial.

WALTERS, C.J., and BURNETT, J., concur.