966 P.2d 1115

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard MIERA, Defendant–Appellant.**

No. 23389.

Court of Appeals of Idaho.

Oct. 6, 1998.

Review Denied Nov. 16, 1998.

Randall D. Schulthies, Bannock County Public Defender; David R. Martinez, Deputy Public Defender, Pocatello, for appellant. David R. Martinez argued.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

PER CURIAM.

This is an appeal from a conviction for robbery. The appellant contends that the district court committed reversible error when, in response to a note from several jurors, it instructed the jury that the jury's decision could not be based upon or influenced by race. Because we conclude that the district court's instruction was proper, we affirm the conviction.

## FACTS AND PROCEDURAL BACKGROUND

Richard Miera was charged with robbery, Idaho Code §§ 18–6501, –6502. He denied the charges, and the case was presented to a jury. The State's evidence showed that an intruder had forced his way into the apartment of S.R. The intruder identified himself as Rick Miera and claimed to belong to the "Mexican Mafia." After hitting and verbally threatening S.R., the intruder stole some items from the apartment. The witnesses at the trial included S.R., who identified Miera as the intruder. Miera testified in his own defense.

After jury deliberations had begun, the district court received a note signed by eight of the jurors, stating: "Judge, we have been led to believe that one of the jurors has a racial issue with S.R. Believe: [names of eight jurors]. Refuses to acknowledge any of the evidence or even listening to others outlook simply we believe based on race." Over objection from defense counsel, the dis-

trict court responded to the note by orally instructing the jury as follows: "You are instructed that you are to make your decision on the evidence or lack thereof and the court's instructions. Your decision absolutely must not be based or influenced by race in any way." Later, the jury returned a verdict finding Miera guilty. On appeal, Miera argues that the district court committed reversible error by instructing the jury with regard to race.

## ANALYSIS

In general, it is within a trial court's sound discretion to determine whether, and the manner in which, to respond to a question posed by the jury during deliberations. Idaho Criminal Rule 30(b); *State v. Pinkney,* 115 Idaho 1152, 772 P.2d 1246 (Ct. App.1989). *See also Dawson v. Olson,* 97 Idaho 274, 543 P.2d 499 (1975). This grant of discretion is premised on the assumption that the instructions, as given, are clear, direct, and proper statements of law. *Pinkney,* 115 Idaho at 1154, 772 P.2d at 1248. If, however, a question arises as to the correctness of a particular instruction, a purely legal inquiry, we will exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992); *State v. Gittins,* 129 Idaho 54, 56, 921 P.2d 754, 756 (Ct.App.1996). Reversible error will be found only if it is shown that an instruction misled the jury or prejudiced the complaining party. *Id.*

Miera contends that the jury's note was ambiguous and open to varying interpretations. He maintains that although the note could be read to indicate that a juror was racially biased against S.R., it could also mean that "one juror felt that one of the witnesses in the case may have been racially biased," or that one juror "believed Mr. Miera to be racially motivated." According to Miera, the second sentence of the court's instruction therefore could have been misconstrued by the jurors as a directive forbidding their consideration of the possible racial bias of witnesses in determining witness credibility.

We find that this argument is not supported by the language of the jurors' note. The note does not suggest that one juror was concerned about a *witness's* racial bias. It stated that a majority of the jurors believed that *"one of the jurors* has a racial issue" with S.R., the complaining witness in the case. It also said that *the juror* "[r]efuses to acknowledge any of the evidence or even [listen] to others outlook simply we believe based on race." The note thus conveyed a message that a majority of jurors perceived racial prejudice on the part of one juror toward the victim, S.R. The note cannot reasonably be given the alternative meanings ascribed to it by Miera. Therefore, we perceive no risk that the jurors would have understood the responsive instruction as a prohibition against their consideration of possible racial motivations on the part of witnesses. Rather, the instruction conveyed the unquestionable principle that a jury's decision should not be tainted by racial or ethnic prejudice. *See Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); *Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); *United States v. Booker,* 480 F.2d 1310 (7th Cir. 1973); *United States v. Heller,* 785 F.2d 1524 (11th Cir.1986); *After Hour Welding, Inc. v. Laneil Management Co.,* 108 Wis.2d 734, 324 N.W.2d 686, 690 (Wis.1982).

The challenged instruction was appropriate and did not invade the province of the jury as fact-finder. Rather, it informed the jurors of their obligation to decide the case based upon the evidence introduced at trial and to not allow racial bias to taint their decision. Accordingly, we affirm the judgment of conviction.