**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42308**

| | | |
|---|---|---|
| **DANIEL D. PARSONS, JR.,** | ) | **2015 Unpublished Opinion No. 577** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  August 5, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Daniel D. Parsons, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Daniel D. Parsons, Jr., appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  He makes numerous claims, including several allegations of ineffective assistance of trial and appellate counsel.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Parsons and his wife drove to Idaho from Nevada equipped with disguises, a police scanner, and a loaded gun.  They rented a minivan under Parsons's name and used that vehicle to drive to a bank.  Wearing a disguise, Parsons's wife attempted to rob the bank while he waited in the vehicle.  Unsuccessful in her attempt, she ran back to the van and the couple sped away.  This process was repeated the next day at a different bank and in a different vehicle, but Parsons's

1

wife succeeded in robbing that bank. However, the teller gave her money with a tracker inside, which police used to intercept the couple, leading to a high-speed chase that ended with Parsons crashing the vehicle. Parsons's wife initially claimed sole responsibility for the robbery. However, she admitted that Parsons was aware of her intent to rob the bank when he drove her there and remained outside while she committed the robbery. She also told law enforcement that she never threatened Parsons, pointed the gun at him, or otherwise forced him to participate in the robberies.

Parsons was charged with aiding and abetting robbery, I.C. §§ 18-6501 and 18-204, and eluding a peace officer, I.C. § 49-1404. A jury found him guilty of both charges. The jury also found Parsons to be a persistent violator of the law, I.C. § 19-2514, based on his four previous felony convictions. As a result, Parsons was sentenced to consecutive terms of fixed life imprisonment. Parsons appealed, contending that the district court had erred in its jury instructions pertaining to the persistent violator sentencing enhancement. This Court held that, although Parsons had shown that the district court committed fundamental error, that error was harmless; accordingly, we affirmed Parsons's judgment of conviction. *State v. Parsons*, 153 Idaho 666, 667-72, 289 P.3d 1059, 1060-65 (Ct. App. 2012).

Parsons filed a petition for post-conviction relief, alleging numerous instances of ineffective assistance of trial and appellate counsel, as well as several trial errors. Parsons's petition also included a request that the district court judge be disqualified, which was denied. Parsons requested and was appointed post-conviction counsel. The state filed an answer and motion for summary dismissal. Parsons objected and a hearing was held. The district court subsequently filed a notice of intent to dismiss and gave Parsons more than twenty days to respond. Ultimately, the district court summarily dismissed Parsons's petition, holding that his alleged trial errors were either barred because they could have been raised in his direct appeal or were conclusory and unsupported by the record. The district court further held that Parsons had failed to raise a genuine issue of material fact as to any of his claims of ineffective assistance of trial and appellate counsel. Parsons appeals.

2

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to make the most probable inferences that can be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in his or her favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

From Parsons's pro se petition for post-conviction relief and brief on appeal, we have gleaned the following general categories of claims: (1) trial counsel provided ineffective assistance; (2) appellate counsel provided ineffective assistance; (3) errors occurred during Parsons's criminal trial; and (4) the district judge who presided over both Parsons's criminal trial

4

and post-conviction proceedings was biased against him and should have been disqualified. We will address each category in turn.

## A. Ineffective Assistance of Trial Counsel

Parsons raised numerous ineffective assistance of trial counsel claims in his petition for post-conviction relief, most of which he alleges the district court erred in summarily dismissing. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Necessity instruction

Parsons first claims that his trial counsel failed to request a necessity instruction (ICJI 1512). In order for Parsons to raise a genuine issue of material fact as to whether his trial counsel provided objectively deficient assistance for failing to request a jury instruction, he must first show that the unrequested instruction could have been properly given.

Although a defendant is entitled to have his or her legal theory of the case submitted to the jury under proper instructions, a requested jury instruction should not be given if it is unsupported by any reasonable view of the evidence or is an erroneous statement of the law. *State v. Babb*, 125 Idaho 934, 941, 877 P.2d 905, 912 (1994); *State v. Young*, 157 Idaho 280, 285, 335 P.3d 620, 625 (Ct. App. 2014). Whether there is a reasonable view of the evidence that

supports an instruction to the jury on the defense of necessity is a matter of discretion for the district court. *State v. Howley*, 128 Idaho 874, 878, 920 P.2d 391, 395 (1996). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The elements of the common law defense of necessity are: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990); *Young*, 157 Idaho at 85, 335 P.3d at 625. Parsons's claim that his trial counsel should have requested a necessity jury instruction is primarily based on an affidavit that he prepared and his wife signed which was not in existence at the time of trial. Indeed, Parsons's wife did not claim that she held a gun to Parsons's head or otherwise forced his participation in the robbery or the car chase until after she had been sentenced to a twenty-year fixed sentence. Only then did she sign the affidavit prepared for her by Parsons, which contradicted the statements she had made to the prosecution with her attorney present prior to pleading guilty. Based on the evidence available to Parsons's trial counsel at the time, there was no indication that Parsons faced a specific threat of immediate harm. Thus, as noted by the district court, no reasonable view of the evidence available at the time of Parsons's trial supported the giving of a necessity instruction. Accordingly, Parsons has failed to raise a genuine issue of material fact as to whether his trial counsel provided objectively deficient performance by declining to request a necessity jury instruction, so summary dismissal of this claim was proper.

### 2. Inadequate investigation

Parsons next claims that his trial counsel failed to conduct an adequate pretrial investigation into and present evidence of Parsons's innocence, including by declining to call Parsons's wife to testify that she had forced him to participate in the robbery. He also claims

6

that his trial counsel failed to investigate mitigating evidence and alleged errors in the presentence investigation report (PSI).

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance is a question of law, but it is one premised upon the particular circumstances surrounding the attorney's investigation. *Gee v. State*, 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct. App. 1990). The duty to investigate requires only that counsel conduct a reasonable investigation. *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). In assessing the reasonableness of counsel's investigation, we consider not only the quantum of evidence known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further. *Wiggins v. Smith*, 539 U.S. 510, 527 (2003); *Strickland*, 466 U.S. at 691; *Murphy v. State*, 143 Idaho 139, 146, 139 P.3d 741, 748 (Ct. App. 2006).

As to the failure to investigate and present evidence of his innocence, the parts of the record Parsons identifies in support of this claim indicate the opposite--that his wife would have testified that she did not threaten Parsons or point a gun at him and that he drove the getaway vehicle voluntarily. Moreover, Parsons's trial counsel explained to him that Parsons's wife would also testify that she was in her disguise when Parsons drove her to the bank, which would further serve to establish elements that the state was required to prove. Thus, the record, which includes letters Parsons attached to his petition, disproves Parsons's claim regarding a failure to investigate. Moreover, as noted by the district court, the decision by Parsons's trial counsel not to call Parsons's wife to testify was not the result of inadequate preparation, ignorance of the law, or other objective shortcoming. On the contrary, it was a reasoned tactical decision designed to avoid opening the door to introduction of incriminating evidence. The post-hoc and contradictory affidavit from Parsons's wife does nothing to change this assessment, as we evaluate trial counsel's decisions based on the evidence available at the time of the trial. *See, e.g.*, *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Accordingly, we will not second guess this decision on appeal.

As for the alleged failure to investigate mitigating evidence and alleged errors in the PSI, the district court determined that this claim was bare and conclusory, unsupported by any

7

evidence. We agree with this determination. On appeal, Parsons asserts the same bare and conclusory arguments, failing to explain what his trial counsel could have discovered, how the investigation that was done was ineffective, or what errors the PSI contained. Because this claim is conclusory and unsupported by any evidence, summary dismissal was proper. *See Wolf*, 152 Idaho at 67, 266 P.3d at 1172.

### 3. Wife's guilty plea

On appeal, Parsons repeats his petition claims that his trial counsel was ineffective for stipulating that his wife pled guilty to the robbery and allowing the district court to give a jury instruction to that effect; however, he does not allege how the district court erred in summarily dismissing these claims. Regardless, we agree with the district court's reasoning. Inherent in a prosecution for aiding and abetting is proof that the individual that was aided and abetted actually committed the crime. Thus, the stipulation obviated the need for Parsons's wife to testify as a witness for the state to establish that element. Had she so testified, the state could (and likely would) have asked her about the facts underlying the crime and her guilty plea. She could not have avoided testifying to such through invocation of the Fifth Amendment or any other privilege. *See Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990). As previously noted, her testimony would have supported the state's case and undermined Parsons's sole necessity defense. As a result, the decision to stipulate that Parsons's wife had pled guilty to robbery and to not object to the jury instruction explaining that stipulation was a reasonable tactical decision. Parsons has failed to show that this decision was the result of inadequate preparation, ignorance of the law, or other objective shortcoming; accordingly, we will not second-guess it on appeal.

### 4. Jury instructions

Parsons next claims that his trial counsel was ineffective for failing to object to the jury instruction explaining the crime of aiding and abetting.[1] During deliberations, the jury asked for

---

[1] Jury instruction fifteen explained aiding and abetting as follows:

> The law makes no distinction between a person who directly participates in the acts constituting a crime and a person who, either before or during its commission, intentionally aids, assists, facilitates, promotes, encourages, counsels, solicits, invites, helps or hires another to commit a crime with intent to

clarification of the term "during" in the aiding and abetting jury instruction and asked, "When does the commission of the robbery end [and] begin?" The district court, with the approval of both counsel, directed the jury to reread the jury instructions as provided. Specifically, Parsons's trial counsel stated his desire not to define "during" unnecessarily and preferred the instructions as given. Parsons contends that his trial counsel should have asked the district court to instruct the jury that a robbery only occurs while the robber is taking the property of another. He claims that, had his trial counsel requested and the district court given this information, he would have been acquitted because he participated only after the robbery took place.

However, the district court noted the substantial evidence that was presented in support of Parsons's involvement before the robbery. Indeed, the district court noted that there was "virtually no evidence to suggest [Parsons] was doing anything other than aiding and abetting his wife; any suggestion he did not know what she was up to is inconceivable." Parsons does not challenge the district court's findings on appeal.

Moreover, whether, and the manner in which, to respond to a question posed by the jury during deliberations is generally left to the discretion of the trial court. I.C.R. 30(c); *State v. Sheahan*, 139 Idaho 267, 282, 77 P.3d 956, 971 (2003); *State v. Pinkney*, 115 Idaho 1152, 1154, 772 P.2d 1246, 1248 (Ct. App. 1989). This grant of discretion is premised on the assumption that the instructions as given are clear, direct, and proper statements of the law. *Pinkney*, 115 Idaho at 1154, 772 P.2d at 1248. Consequently, if a jury expresses doubt or confusion on a point of law correctly and adequately covered in a given instruction, the trial court in its discretion may explain the given instruction or further instruct the jury, but it is under no duty to do so. *Id.*

---

promote or assist in its commission. Both can be found guilty of the crime. Mere presence at, acquiescence in, or silent consent to, the planning or commission of a crime is not sufficient to make one an accomplice.

All persons who participate in a crime either before or during its commission, by intentionally aiding, abetting, advising, hiring, counseling, or procuring another to commit the crime with intent to promote or assist in its commission are guilty of the crime. All such participants are considered principals in the commission of the crime. Participation of each defendant in the crime must be proved beyond a reasonable doubt.

9

However, if a jury makes explicit its difficulties with a point of law pertinent to the case, thereby revealing a defect, ambiguity or gap in the instructions, then the trial court has the duty to give such additional instructions on the law as are reasonably necessary to alleviate the jury's doubt or confusion. *Id.*

Parsons has not shown that the instructions as given were incorrect or inadequately given or that the jury question revealed a defect, ambiguity, or gap in the instructions. Thus, whether and in what manner the district court would respond to the jury's question was in its discretion. Trial counsel's failure to recommend an additional instruction under such circumstances cannot constitute ineffective assistance of counsel. Accordingly, summary dismissal of this claim was proper.

### 5. Failure to object to prosecutorial misconduct

Parsons also claims that his trial counsel was ineffective for failing to object to several statements made by the prosecutor during an I.R.E. 404(b) hearing and opening statements that he considers misconduct. Parsons did not raise this claim in his petition for post-conviction relief. Instead, he argued only an independent claim of prosecutorial misconduct without alleging ineffective assistance of his trial counsel for failing to object. On appeal, he attempts to recast the claim as one of ineffective assistance of counsel. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Joyner v. State*, 156 Idaho 223, 230, 322 P.3d 305, 312 (Ct. App. 2014). Accordingly, these issues were not preserved for appeal and we will not address them further.

### 6. Failure to file a motion in limine and motion to suppress

Parsons next contends that his trial counsel was ineffective for failing to file a motion in limine regarding a witness's in-trial identification of Parsons as the driver of the getaway vehicle. However, Parsons provided no cogent argument as to why his counsel should have filed a motion in limine on his behalf in this regard or relevant authority to support his claim that such a motion would have likely been granted. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Both are lacking here. Accordingly, this issue is waived and we will not address it further.

10

Parsons also claims that his trial counsel was ineffective for failing to file a motion to suppress his statements made to police after he invoked his Sixth Amendment right to counsel. However, as noted by the district court, Parsons failed to identify what statements should have been suppressed or what statements he made that were used against him at trial. Summary dismissal is proper when the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims or if the petitioner's allegations do not justify relief as a matter of law. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. The record indicates that none of Parsons's post-invocation statements were incriminating or used against him at trial. Accordingly, summary dismissal of this claim was proper.

### 7. Confrontation Clause claim

Parsons next argues that his trial counsel was ineffective for failing to protect his Sixth Amendment right to confront witnesses against him by failing to call his wife as a witness.[2] An attorney's choice of what evidence to introduce at trial, including which witnesses to call, falls within the area of tactical or strategic decisions. *State v. Abdullah*, 158 Idaho 386, 400, 348 P.3d 1, 115 (2015); *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994). Such decisions will not be second-guessed on appeal absent a showing that they were the product of inadequate preparation, ignorance of relevant law, or some other shortcoming capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263. Parsons has failed to show that his trial counsel's decision not to call his wife to testify was anything other than a reasonable tactical decision. Indeed, the portions of the record that Parsons attached to his post-conviction petition indicate that his trial counsel chose not to call Parsons's wife to testify based on the significant likelihood that her testimony--that Parsons was aware of her plan to rob a bank and that she did not force him to participate in the subsequent robbery or high-speed chase--would prove more damaging than beneficial. Accordingly, Parsons has failed to raise a genuine issue of material fact as to whether his trial counsel was ineffective in this regard.

---

[2] Parsons at times refers to this claim as a "*Crawford* claim," citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

### 8. Failure to object to hearsay

Parsons also alleges that his trial counsel was ineffective for failing to object to admission of hearsay testimony regarding his wife's out-of-court statements. As with the Confrontation Clause claim, Parsons has failed to establish that this tactical decision was the product of inadequate preparation, ignorance of the law, or some other shortcoming capable of objective evaluation. *See Howard*, 126 Idaho at 233, 880 P.2d at 263. Even assuming--without deciding--that this testimony was inadmissible hearsay, his trial counsel's decision not to object was reasonable for the same reasons enunciated above with regard to his Confrontation Clause claim. Indeed, had Parsons's trial counsel objected to the hearsay testimony offered through the officer that interviewed Parsons's wife in the hospital the day after robbery, the state would likely have resorted to calling her to testify against him as a witness. As previously noted, she could not have avoided testifying through invocation of the Fifth Amendment or any other privilege. *See Ray*, 133 Idaho at 99, 982 P.2d at 934; *Carrasco*, 117 Idaho at 297, 787 P.2d at 283. Parson's wife's testimony would have done substantial damage to his defense claims and aided the state in proving the elements of the charged crime. This same reasoning establishes that Parsons was not prejudiced by his trial counsel's failure to object. Accordingly, Parsons has not raised a genuine issue of material fact as to whether his trial counsel was ineffective for failing to object to the alleged hearsay testimony.

### 9. Failure to defend

Finally, Parsons asserts that his trial counsel was per se ineffective because his trial counsel failed to defend him, making his trial the functional equivalent of a guilty plea. Parsons cites *United States v. Cronic*, 466 U.S. 648 (1984) for support. In *Cronic*, the United States Supreme Court recognized that, in rare instances where the petitioner has actually or constructively been denied the assistance of counsel, prejudice to the petitioner may be presumed and need not be independently established. *Id.* at 662. The Court stated that the per se rule would apply when the petitioner was actually or constructively denied assistance of counsel by either state or court actions, counsel's failure to subject the case to meaningful adversarial testing, or the presence of a conflict of interest. *Id.* at 659-60.

As noted by the district court, Parsons does not claim that the state or court deprived him of assistance of counsel. Moreover, his claims of the existence of a conflict of interest and that

his counsel failed to subject the state's case to meaningful adversarial testing find no support in the record. On the contrary, the record indicates that Parsons's trial counsel vigorously defended him and cross-examined the state's witnesses insofar as the circumstances and available evidence would allow. As a result, the district court determined that *Cronic* was inapplicable. We agree with the district court and conclude that Parsons has failed to show that *Cronic* applies to any of his claims of ineffective assistance of counsel, independently or in the aggregate.

## B.      Ineffective Assistance of Appellate Counsel

Parsons further contends that he was provided with ineffective assistance because appellate counsel declined to make all of the appellate arguments that Parsons requested, many of which he raises in his post-conviction petition. The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *see also Aragon*, 114 Idaho at 765, 760 P.2d at 1181. However, an indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Aragon*, 114 Idaho at 765-66, 760 P.2d at 1181-82; *Heilman v. State*, 158 Idaho 139, 146, 344 P.3d 919, 926 (Ct. App. 2015); *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Mintun*, 144 Idaho at 661, 168 P.3d at 45. Indeed, it is difficult to demonstrate that counsel was incompetent based on failure to raise a particular claim on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Heilman*, 158 Idaho at 146, 344 P.3d at 926. Only when ignored issues are clearly stronger than those presented will the strong presumption of effective assistance of counsel be overcome. *Robbins*, 528 U.S. at 288; *Heilman*, 158 Idaho at 146, 344 P.3d at 926.

Parsons failed to allege in his petition what arguments his appellate counsel should have raised or how he was prejudiced by his appellate counsel's actions, although he improperly tries to remedy this failure on appeal. Moreover, Parsons has presented no argument or authority to show that any unraised issues were clearly stronger than those actually raised. On the contrary, Parsons's appellate counsel explained to Parsons in a letter, which Parsons attached to his petition for past-conviction relief, why counsel would not be raising the majority of the issues

that Parsons requested. Accordingly, Parsons has failed to raise a genuine issue of material fact that his appellate counsel provided ineffective assistance.

## C.    Trial Errors

Parsons's remaining arguments are composed of numerous alleged trial errors that were not raised in his direct appeal. Specifically, he alleged the following cognizable claims: the state committed prosecutorial misconduct during the Rule 404(b) hearing and during opening statements at trial; his Sixth Amendment confrontation right was violated when an officer testified regarding statements made by Parsons's wife, who did not testify at his trial; his Sixth Amendment right to counsel was violated when police continued to question him after he had invoked his right to an attorney; he was denied his right to a speedy trial; he was prevented from calling witnesses and introducing evidence; and the district court erred in instructing the jury by failing to include an element of aiding and abetting, which lowered the state's burden of proof.

The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b).[3] A claim or issue that was or could have been raised, in the exercise of due diligence, on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).

All of the trial errors that Parsons alleges could have been and should have been raised on direct appeal. Parsons has not provided sufficient explanation for why these issues could not have been raised earlier. Although Parsons has alleged ineffective assistance of his appellate counsel in not raising these and other issues he requested on appeal, we have concluded that Parsons failed to raise a genuine issue of material fact as to whether his appellate counsel was ineffective for making the strategic decision not to raise these claims.

---

[3]    Idaho Code Section 19-4901(b) provides, in pertinent part:

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

**D. Judicial Bias**

In his petition for post-conviction relief, Parsons alleged that the trial judge was biased against him and should have been disqualified. He raises the same claim on appeal against the district judge for his post-conviction case. In order to constitute legal bias or prejudice, allegations of prejudice in post-conviction proceedings must state facts that do more than simply explain the course of events involved in a criminal trial. *Pizzuto v. State*, 134 Idaho 793, 799, 10 P.3d 742, 748 (2000). A judge cannot be disqualified for actual prejudice unless it is shown that the prejudice is directed against the litigant and is of such a nature and character that it would make it impossible for the litigant to get a fair trial. *Id.* Whether a judge's involvement in a defendant's case reaches a point where disqualification from further participation in the case becomes necessary is left to the sound discretion of the trial judge. *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986).

Here, Parsons has done no more than recount the judge's rulings, both at trial and in the post-conviction proceedings, with which he disagrees. He has failed to present any evidence indicating that the district judge in either setting has exhibited any bias towards Parsons or has acted in any way to prevent him from getting a fair trial. Indeed, neither claim is supported by any evidence in the record. Parsons's claims of bias are entirely conclusory in nature and level allegations of bias based on adverse rulings without identifying any evidence of bias or resulting prejudice. Accordingly, summary dismissal of the claim of judicial bias at the criminal trial was proper, and we will not address the unsupported allegations of judicial bias in the post-conviction proceedings further.

## IV.

## CONCLUSION

Parsons has failed to raise a genuine issue of material fact as to whether either his trial or appellate counsel was ineffective. He has also failed to provide a basis for considering his claims of trial errors that were not raised on direct appeal. Finally, Parsons has failed to raise a genuine issue of material fact as to his claims of judicial bias either during the criminal trial or in the post-conviction proceedings. Accordingly, the district court's judgment summarily dismissing Parson's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

15