# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41240

| | | |
|---|---|---|
| **DENNIS RAYMOND HEILMAN,** | ) | 2015 Opinion No. 2 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 13, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Dennis Raymond Heilman appeals from the summary dismissal of his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2006, Heilman was found guilty by a jury of rape, aggravated assault, false imprisonment, and unlawful entry. Heilman filed an appeal, which was dismissed due to his counsel filing the notice of appeal four days late.

Heilman filed a pro se petition for post-conviction relief in 2008, asserting that his trial counsel provided ineffective assistance by failing to timely file his direct appeal, file an I.C.R. 35 motion, and advise him of his Fifth Amendment right to refuse to participate in a psychosexual evaluation. The district court found that Heilman's trial counsel was ineffective for failing to file

1

a timely appeal; accordingly, the district court vacated and reentered Heilman's judgment of conviction to allow the filing of a timely appeal and Rule 35 motion. In the subsequent appeal, Heilman challenged his judgment of conviction and sentences for rape and aggravated assault, alleging fatal variances in the charging document, failure to give a unanimity jury instruction, insufficient evidence to support the conviction, and excessive sentences. We affirmed in an unpublished opinion. *See State v. Heilman*, Docket No. 36554 (Ct. App. Dec. 10, 2010). An evidentiary hearing was held for the remaining claim of ineffective assistance of trial counsel, after which the district court determined Heilman had failed to establish his claim. We affirmed the district court's dismissal of Heilman's petition for post-conviction relief in an unpublished opinion. *See Heilman v. State*, Docket No. 36858 (Ct. App. Nov. 3, 2011).

Heilman then filed a pro se successive petition for post-conviction relief in 2011, alleging several claims of ineffective assistance of trial and appellate counsel. The district court appointed Heilman counsel to assist with his successive petition. The state filed a motion for summary dismissal, asserting that Heilman's successive petition failed to raise a genuine issue of material fact, raised issues previously decided or that should have been raised in the prior post-conviction petition, and failed to provide a sufficient reason for bringing his claims in a successive petition. Following a hearing on the state's motion, the district court summarily dismissed Heilman's successive petition, concluding that his claims either did not justify relief as a matter of law or were not supported by evidence raising a genuine issue of material fact. After the initial time for appeal had lapsed, the district court re-entered its final judgment dismissing Heilman's successive petition upon stipulation of the parties. Heilman again appeals.

## II.

## ANALYSIS

Heilman argues that the district court erred in summarily dismissing his successive petition for post-conviction relief. Specifically, he claims that he raised a genuine issue of material fact as to each claim made in his successive petition. These claims can be divided into ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims.

### A. Ineffective Assistance of Trial Counsel

Heilman contends--at least for some of his ineffective assistance of trial counsel claims--that his prior post-conviction counsel's failures provide a sufficient reason for his failure to raise the claims in his initial post-conviction petition. If an initial post-conviction action was

timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction proceedings, and such an allegation, in and of itself, is not a permissible ground for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).[1]

In *Murphy*, the petitioner attempted to file a successive petition for post-conviction relief, asserting that her claims of ineffective assistance of trial counsel were properly before the district court because her prior post-conviction counsel had failed to properly present the claims in her initial petition for post-conviction relief or raise them in an amended petition. This assertion was based on the Court's prior holding in *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981). There, the Court had held that alleging ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Id.* at 596, 635 P.2d at 960. The Court in *Murphy* determined that this was not in accord with subsequent United States Supreme Court and Idaho Supreme Court precedent and overruled *Palmer*. The Court reasoned that there is no right, statutory or otherwise, to post-conviction counsel. *Murphy*, 156 Idaho at 394-95, 327 P.3d at 370-71; *see also Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000). Without a right to post-conviction counsel, there can be no deprivation of effective assistance of counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371; *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As a result, a petitioner cannot demonstrate sufficient reason for filing a successive petition based on alleged ineffectiveness of prior post-conviction counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371.

---

[1] *Murphy* was not addressed below or in the briefs on appeal. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

Here, Heilman's justification for raising some of his ineffective assistance of trial counsel claims in a successive petition was the alleged ineffective assistance of his prior post-conviction counsel. He provided no other explanation or justification for why the other ineffective assistance of trial counsel claims had not been raised or were inadequately raised in his initial petition. Thus, in light of *Murphy*, Heilman cannot provide a sufficient reason for failing to raise or adequately assert these claims in his initial petition for post-conviction relief. The district court did not err in summarily dismissing these claims.

**B.       Ineffective Assistance of Appellate Counsel**

Heilman's successive petition also asserts several claims of ineffective assistance of appellate counsel during his direct appeal. Specifically, Heilman alleges that his appellate counsel was ineffective for failing to do the following: include in the timely notice of appeal issues raised in the original untimely notice of appeal, such as the denial of his motion to subpoena a juror, denial of his motion for a new trial, and limitation on presentation of evidence regarding the victim's employment background; challenge the exclusion of testimony regarding Heilman and the victim's divorce proceedings; challenge alleged violations of Heilman's right to a speedy trial; challenge the denial of his motion for a new trial; and file an appellate reply brief.

Although Heilman does not allege a sufficient reason for his failure to raise these claims in his initial petition for post-conviction relief, the record clearly discloses a sufficient reason. Specifically, Heilman could not have raised any ineffective assistance of appellate counsel claims in his first initial petition due to the irregular procedural timing of his direct appeal, which commenced after Heilman's initial petition had already been filed and partially resolved.[2] Therefore, Heilman may bring these claims in a successive petition for post-conviction relief.

---

[2]    Heilman's initial petition for post-conviction relief was filed July 28, 2008, raising three issues. The parties stipulated, and the district court found, that Heilman's trial counsel was ineffective for failing to timely file a direct appeal. As a result, the district court granted Heilman's post-conviction petition as to that issue and reentered Heilman's judgment of conviction, allowing him to file a notice of appeal on May 27, 2009. This rendered the second issue regarding failure to file a Rule 35 motion moot, so that issue was summarily dismissed. Heilman's remaining post-conviction issue regarding ineffective assistance of trial counsel proceeded to an evidentiary hearing, which was held on June 11, 2009; a decision followed on July 15, 2009. At that point, no record had been lodged or briefs filed in Heilman's direct appeal. Indeed, amendments to the notice of appeal did not occur until July 14, 2009, and August 28, 2009. Thus, the ineffective assistance of appellate counsel claims could not have been raised in Heilman's initial petition for post-conviction relief.

4

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *see also Aragon v. State*, 114 Idaho 758, 765, 760 P.2d 1174, 1181 (1988). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of

reasonableness. *Strickland*, 466 U.S. at 687-88; *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Heilman has failed to raise a genuine issue of material fact for any of his claims of ineffective assistance of appellate counsel. These claims in Heilman's successive petition are conclusory and fail to allege facts that, if true, would entitle Heilman to relief as a matter of law. Moreover, Heilman fails to support any of these allegations with admissible evidence.

Specifically, Heilman does not explain why his appointed appellate counsel's failure to raise the issues he alleges constituted objectively deficient performance or how he was prejudiced thereby. An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Mintun*, 144 Idaho at 661, 168 P.3d at 45. Indeed, it is difficult to demonstrate that counsel was incompetent based on failure to raise a particular claim on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Only when ignored issues are clearly stronger than those presented will the strong presumption of effective assistance of counsel be overcome. *Id.* Heilman provides no evidence or argument to indicate that the issues he contends should have been raised in his direct appeal were clearly stronger than those actually presented.

Similarly, Heilman fails to allege how appellate counsel's decision not to file a reply brief constituted objectively deficient performance or prejudiced his appeal. A reply brief is permissive, not mandatory. *See* I.A.R. 35(c) ("The appellant or cross-appellant *may* file a brief in reply to the brief of the respondent or cross-respondent within the time limit specified by Rule 34(c) which *may* contain additional argument in rebuttal to the contentions of the

7

respondent.") (emphasis added); *Weisel v. Beaver Springs Owners Ass'n, Inc.*, 152 Idaho 519, 525, 272 P.3d 491, 497 (2012) (noting that, although "an appellant *may* file a reply brief," reply briefs may only present additional argument in rebuttal to contentions advanced in the respondent's brief) (emphasis added). Just as we will not question tactical or strategic decisions of trial counsel unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation, *Howard*, 126 Idaho at 233, 880 P.2d at 263, we will not question tactical or strategic decisions of appellate counsel absent a similar showing. Whether to file a reply brief--a decision dependent on the strength of the appellate issues and nature of the arguments presented in response--is a patently strategic decision within the professional discretion of appellate counsel. *See United State v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986) (noting that a reply brief "generally is not essential for appellate review," and whether to file one is "a matter of appellate strategy"). Heilman has failed to allege or otherwise raise a genuine issue of material fact as to whether his appellate counsel's strategic decision not to file a reply brief was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Heilman has also failed to allege facts sufficient to show a reasonable probability that the outcome of his appeal would have been different absent appellate counsel's decision not to file a reply brief.

Thus, Heilman has neither overcome the "strong presumption" that his appellate counsel's conduct fell within the wide range of reasonable professional assistance nor established that he was prejudiced by that conduct. *See Strickland*, 466 U.S. at 689. As a result, Heilman has failed to raise a genuine issue of material fact regarding the performance of his appellate counsel that, if true, would entitle him to relief as a matter of law.

## III.

## CONCLUSION

Heilman failed to provide a sufficient reason for failing to assert his claims regarding ineffective assistance of his trial counsel in his initial petition for post-conviction relief. Heilman also failed to raise a genuine issue of material fact regarding his ineffective assistance of appellate counsel claims. Accordingly, the district court's order summarily dismissing Heilman's successive petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.

8