# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43437

| | | |
|---|---|---|
| ADRIAN HARTHCOCK, | ) | 2016 Unpublished Opinion No. 697 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 21, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Adrian Harthcock, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Adrian Harthcock appeals from the district court's summary dismissal of Harthcock's petition for post-conviction relief. Specifically, Harthcock argues the district court erred in summarily dismissing the petition and abused its discretion in denying both Harthcock's motion to amend his petition and his request for discovery. For the reasons explained below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Harthcock was charged, convicted, and sentenced on two counts of lewd conduct with a minor under sixteen pursuant to Idaho Code § 18-1508. He was sentenced on each count to a unified term of life, with ten years determinate, to run consecutively. Harthcock filed an Idaho Criminal Rule 35 motion, which the district court denied. The denial of the Rule 35 motion was affirmed on appeal. *State v. Harthcock*, Docket No. 40430 (Ct. App. Dec. 6, 2013) (unpublished).

1

Harthcock subsequently filed a 115-page petition for post-conviction relief. He alleged numerous instances of judicial error, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel. The district court issued a notice of intent to dismiss Harthcock's petition, noting that certain claims were barred because they could have been raised on direct appeal, and the remaining claims were either not supported by the record or were meritless. In response, Harthcock filed several affidavits and motions to amend his petition and for discovery. The district court denied the motions and, after reviewing the affidavits, summarily dismissed Harthcock's petition, reasoning that no additional facts were adduced in any of the affidavits. Harthcock appeals from the district court's summary dismissal and challenges most, but not all, of his claims dismissed below. He also challenges the denial of his motions to amend and for discovery. We address these in turn.

## II.

## ANALYSIS

### A.    Summary Dismissal

Harthcock argues the district court erred in summarily dismissing Harthcock's petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

3

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Harthcock argues the district court erred in summarily dismissing Harthcock's petition, specifically, his claims regarding judicial sentencing error, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel.

### 1. Judicial sentencing error

In his petition, Harthcock alleged judicial error in regard to his sentencing, including that the court had a predetermined sentence in mind and was therefore biased; characterized Harthcock as a "moderate to high risk" to reoffend; sentenced Harthcock more harshly for taking the case to trial; concluded that Harthcock was hostile toward women; misrepresented the victim's testimony; relied on statements related to an I.C.R. 11 agreement; and imposed excessive sentences. The district court gave notice of its intent to dismiss these claims and ultimately dismissed them based on the fact that they could have been raised on direct appeal. On appeal, Harthcock contends such dismissal was erroneous because post-conviction is an appropriate avenue for seeking relief.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

Harthcock's claims regarding judicial sentencing error could have been raised on direct appeal. *See, e.g.*, *Knutsen*, 144 Idaho at 438-39, 163 P.3d at 227-28 (holding that a challenge to the length of a sentence could be raised on direct appeal and is therefore not appropriate in a post-conviction proceeding). The alleged judicial errors were known to Harthcock either during or immediately after his sentencing. Thus, the district court did not err in summarily dismissing Harthcock's judicial sentencing error claims.

4

### 2.  Prosecutorial misconduct

Harthcock also alleged prosecutorial misconduct, including allegations that the prosecutor made false statements and misled the court.  The district court again determined that such claims could have been raised on direct appeal and were therefore not properly included in his post-conviction petition.  We agree.  As with the alleged judicial sentencing errors, the prosecutorial misconduct allegations were known to Harthcock no later than upon issuance of the judgment of conviction.  Harthcock's prosecutorial misconduct claims could have been raised on direct appeal.  *Rodgers*, 129 Idaho at 725, 932 P.2d at 353 (holding that prosecutorial misconduct issues could be raised on appeal and therefore are not appropriate in a post-conviction proceeding).  Thus, the district court did not err in summarily dismissing these claims.

### 3.  Ineffective assistance of trial counsel

Harthcock further argues in his petition that his trial counsel rendered ineffective assistance of counsel.  A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Harthcock alleged numerous claims of ineffective assistance of trial counsel.  Ten of those instances involve his trial counsel's failure to object to various statements made by the prosecutor and a witness.  In its notice of intent to dismiss Harthcock's petition, the district court noted that Harthcock failed to establish any legal basis upon which his attorney could have

objected. Specifically, the district court indicated that Harthcock failed to support his claims with evidence that either his attorney would have prevailed on any objection or that the outcome would have been different had his attorney objected. Thus, according to the district court, Harthcock failed to create a genuine issue of material fact with regard to his trial counsel's performance. We agree. A review of Harthcock's petition indicates that he failed to support these claims with evidence that his attorney would have prevailed on the objections or that the outcome would have been different if the attorney objected. Therefore, Harthcock is unable to make a prima facie case for an ineffective assistance of counsel claim. The district court properly dismissed these claims.

Harthcock also argues that his trial counsel was ineffective by failing to investigate Harthcock's diminished mental capacity and in failing to present his diminished mental capacity to the jury, which would have created a reasonable doubt about Harthcock's guilt. Harthcock contends that on account of his mental impairments, he qualifies as a vulnerable adult under Idaho Code § 18-1505(4)(e).[1] We agree with the district court's determination that Harthcock failed to provide any admissible evidence of any mental impairment that would establish his designation as a vulnerable adult. Moreover, Harthcock's reliance on I.C. § 18-1505 is misplaced--that statute is intended to protect victims, not as a defense for perpetrators of crimes. Pursuant to I.C. §§ 18-1505(1) and (2), "[a]ny person who abuses or neglects a vulnerable adult under circumstances likely to produce great bodily harm or death is guilty of a felony," and "any person who abuses or neglects a vulnerable adult under circumstances other than those likely to produce great bodily harm or death is guilty of a misdemeanor." Harthcock cannot establish that he is a vulnerable adult because he is not a victim designated by I.C. § 18-1505. Thus, as a matter of law, Harthcock's allegations do not justify relief.

Additionally, the district court noted that Harthcock failed to demonstrate how the outcome would have been different had his attorney presented evidence of Harthcock's diminished mental capacity. Harthcock reasons that his diminished mental capacity exempts him from conviction. However, Harthcock's diminished mental capacity would not necessarily

---

[1]     Idaho Code § 18-1505(4)(e) defines a vulnerable adult as "a person eighteen (18) years of age or older who is unable to protect himself from abuse, neglect or exploitation due to physical or mental impairment which affects the person's judgment or behavior to the extent that he lacks sufficient understanding or capacity to make or communicate or implement decisions regarding his person, funds, property or resources."

6

defeat the intent element of the offense. *See, e.g.*, I.C. § 18-207(1) ("Mental condition shall not be a defense to any charge of criminal conduct."). For instance, in *State v. McDougall*, 113 Idaho 900, 904, 749 P.2d 1025, 1029 (Ct. App. 1988), we held that a jury may consider diminished mental capacity "when determining whether a defendant was capable of forming a specific intent." Thus, diminished mental capacity is merely a consideration--not a complete defense. Here, the intent element of lewd conduct with a minor under sixteen is "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person," and an individual with a diminished capacity is certainly capable of having such intent. I.C. § 18-1508. Accordingly, the language of the statute does not preclude culpability for individuals with diminished mental capacities. While a defendant may certainly present evidence of diminished mental capacity to negate specific intent, Harthcock did not include admissible evidence in his petition to support such an allegation. He therefore failed to allege a prima facie case of ineffective assistance of trial counsel, and the district court did not err in summarily dismissing these claims.

Harthcock further contends his trial counsel rendered ineffective assistance of counsel when he failed to request a jury instruction on specific intent to "observe and evaluate the victims," rather than a specific intent for sexual gratification and when he failed to request a jury instruction on the State's burden of proving this specific intent. However, as the district court indicated, Harthcock failed to provide authority to support his arguments on the requirement or appropriateness of such jury instructions. Thus, as a matter of law, his allegations do not justify relief. Harthcock argues that because he is pro se, he is not required to provide authority. He is mistaken. While Harthcock is not an attorney, he chose to represent himself in his post-conviction case by proceeding pro se. A pro se litigant is held to the same standards and rules as a litigant appearing with counsel. *State v. Sima*, 98 Idaho 643, 644, 570 P.2d 1333, 1334 (1977). Harthcock's pro se status therefore does not excuse him from the requirement that he provide authority to support his arguments.[2]

---

[2] Harthcock also argues the district court erred in applying an incorrect standard of review to Harthcock's petition for post-conviction relief. He contends that because he is pro se, the district court was "obligated" to apply "pro se review." Because pro se litigants are held to the same standards and rules as litigants appearing with counsel, this argument has no merit.

Harthcock maintains that his trial counsel was ineffective in failing to present Harthcock's mental health issues at sentencing for mitigation purposes. But, as the district court noted, the record disproves this claim. According to the September 17, 2012, sentencing transcript, trial counsel addressed Harthcock's mental health issues at sentencing.[3] For instance, Harthcock's trial counsel informed the district court that Harthcock has narcolepsy, has seizures in jail, and needs counseling. Because the record disproves Harthcock's allegations, the district court did not err in determining that Harthcock failed to establish a genuine issue of material fact that his trial counsel was ineffective in failing to present Harthcock's mental health issues at sentencing.

Harthcock also argues his trial counsel rendered ineffective assistance by failing to investigate and present facts in mitigation at sentencing that Harthcock participated in community safety. The district court, however, pointed out that the record disproves this claim, noting that trial counsel addressed Harthcock's involvement in community safety during sentencing, and the district court was aware that Harthcock would call law enforcement periodically to report neighborhood activities. Indeed, according to the sentencing transcript, trial counsel informed the district court that Harthcock "would look out for his neighbors and his community," and "he would report things to the police when things were amiss." Because the record disproves Harthcock's allegations, the district court did not err in summarily dismissing this claim.

Next, Harthcock contends his trial counsel was ineffective when he failed to investigate and present the fact that Harthcock is a Christian. The district court ruled that Harthcock's religion is irrelevant to his criminal case. Harthcock nevertheless argues his status as a Christian was relevant because seeking a submissive wife is consistent with biblical text, and it would have corroborated the truthfulness of Harthcock's testimony because Christians are truthful. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Idaho Rule of Evidence 401. We agree with the district court--Harthcock's religious views are irrelevant to the offense for which he was convicted. His

---

[3] While the district court did not take judicial notice of the sentencing transcript, the transcript was attached to Harthcock's petition, and the district court considered the transcript and relied on it.

8

religious views do not make the existence of any crime more or less probable. Pursuant to I.R.E. 402, irrelevant evidence is inadmissible. Thus, Harthcock's trial counsel did not perform deficiently by not investigating and presenting evidence regarding Harthcock's religious views. Because Harthcock cannot establish deficient performance of trial counsel, Harthcock cannot set forth a prima facie case of ineffective assistance of counsel. The district court did not err in summarily dismissing this claim.

Harthcock further maintains his trial counsel was ineffective in failing to file an I.C.R. 35 motion. In its notice of intent to dismiss, the district court noted that Harthcock failed to demonstrate that a Rule 35 motion would have been granted. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In his petition, Harthcock failed to allege that his sentences would have been excessive in light of new or additional information, and he failed to provide additional facts after the district court issued its notice of intent to dismiss the petition. Thus, he failed to create a genuine issue of material fact that his trial counsel was ineffective in failing to file a Rule 35 motion. Moreover, Harthcock cannot establish prejudice because he filed his own Rule 35 motion, which we addressed on direct appeal. *Harthcock*, Docket No. 40430. In sum, the district court did not err in summarily dismissing Harthcock's ineffective assistance of trial counsel claims.

### 4. Ineffective assistance of appellate counsel

Harthcock additionally argues the district court erred in summarily dismissing the ineffective assistance of appellate counsel claims. In his petition, Harthcock alleges that his appellate counsel did not carefully review the record and failed to appeal on the following issues: (1) insufficient evidence to sustain the convictions; (2) Harthcock was deceived into committing the crime; (3) a jury's finding of guilt does not "undeniably" establish lack of reasonable guilt; (4) vindictive sentencing by the court; and (5) judicial abuse of discretion because the district court did not consider factors that excused or justified Harthcock's conduct. The district court summarily dismissed these claims, reasoning that Harthcock did not allege that appellate counsel

did not carefully review the record and bring all meritorious issues on appeal, and Harthcock did not allege a legal basis for the issues he wished to have been raised on direct appeal. We agree with the district court. Harthcock failed to allege a prima facie case of ineffective assistance of appellate counsel. Harthcock's allegation that appellate counsel failed to carefully review the record is conclusory without any supporting evidence, and Harthcock does not cite a legal basis for the issues he wished to have been raised on appeal. Moreover, an indigent defendant does not have a constitutional right to compel appointed counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Heilman v. State*, 158 Idaho 139, 146, 344 P.3d 919, 926 (Ct. App. 2015). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). It is difficult to demonstrate that counsel was incompetent based on failure to raise a particular claim on appeal. *Heilman*, 158 Idaho at 146, 344 P.3d at 926. Only when ignored issues are clearly stronger than those presented will the strong presumption of effective assistance of counsel be overcome. *Id.* As the district court noted, Harthcock did not cite a legal basis for the issues he wished to have been raised on direct appeal and did not allege that the issues he contends should have been raised in his appeal were clearly stronger than those actually presented. Therefore, Harthcock did not set forth a prima facie case that his appellate counsel's performance was ineffective. The summary dismissal of these claims was not in error. For all these reasons, the district court did not err in summarily dismissing Harthcock's petition for post-conviction relief.

## B.  Cumulative Error

Additionally, Harthcock maintains the district court erred when it did not apply the cumulative error doctrine. Under this doctrine, an accumulation of irregularities, each of which might be harmless in itself, may in the aggregate reveal the absence of a fair trial in contravention of the defendant's right to due process. *State v. Shackelford*, 150 Idaho 355, 385, 247 P.3d 582, 612 (2010); *State v. Severson*, 147 Idaho 694, 723, 215 P.3d 414, 443 (2009). "[A] necessary predicate to the application of the doctrine is a finding of more than one error." *State v. Perry*, 150 Idaho 209, 230, 245 P.3d 961, 982 (2010). Harthcock contends that the errors within his ineffective assistance of counsel claims, his prosecutorial misconduct claims, and his judicial sentencing error claims amount to an accumulation of irregularities. However, we found

10

no error in the court's dismissal of those claims. As such, the district court did not err in declining to apply the cumulative error doctrine.

## C.     Motion to Amend

Harthcock further argues the district court abused its discretion in denying him leave to amend his petition for post-conviction relief. The Uniform Post-Conviction Procedures Act offers guidance for amendment of a post-conviction relief application. *See, e.g.*, I.C. § 19-4906. Idaho Code § 19-4906(b) specifically provides that a petitioner shall be given twenty days to respond to a proposed dismissal and in light of a default, the court "may . . . grant leave to file an amended application." The decision to grant or refuse permission to amend is left to the sound discretion of the trial court. *Rhoades v. State*, 148 Idaho 215, 217, 220 P.3d 571, 573 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Harthcock sought leave to amend his petition to add ineffective assistance of counsel claims for both appellate and trial counsel. Specifically, Harthcock alleged that his trial counsel was ineffective, as demonstrated by deficiencies found in Idaho's indigent defense services. Harthcock further alleged his appellate counsel was ineffective in failing to address judicial sentencing error and prosecutorial misconduct claims on direct appeal. The district court denied Harthcock leave to amend because he failed to allege that his trial counsel had an unduly burdensome caseload or that trial counsel was unable to adequately represent Harthcock due to an unduly burdensome caseload. Additionally, the district court indicated that because Harthcock does not have a right to have each and every issue raised on appeal, he could not demonstrate deficient performance from appellate counsel in failing to raise Harthcock's judicial sentencing error claims on appeal. Lastly, the district court noted that if an objection was not made below, the issue could not be raised on appeal.[4] We agree with the district court's

---

[4]     During a hearing on the motion to amend, the district court noted that "if there was not an objection made, it is not an issue that can be raised on appeal." We note that Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State*

determinations. Harthcock failed to establish a prima facie case of deficient performance and prejudice from appellate and trial counsel as to his proposed amended claims. The district court did not err in denying Harthcock leave to amend his petition.

**D.      Motion in Limine**

Harthcock contends the district court erred in denying his motion to suppress a mental health evaluation. Harthcock filed the motion during his post-conviction proceedings, arguing the evaluation was "incorrectly conducted." In fact, Harthcock's motion is a motion in limine that is styled as a motion to suppress. A motion to suppress is a "request that the court prohibit the introduction of illegally obtained evidence at a criminal trial," BLACK'S LAW DICTIONARY 1172 (10th ed.), whereas a motion in limine is "a pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Id.* at 1171. Here, the mental health evaluation was not illegally obtained, and therefore Harthcock's motion is not a motion to suppress.

Regardless, the record does not reflect an adverse ruling on the motion from the district court. It appears the district court declined to address the motion. In order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for the assignment of error. *State v. Pickens*, 148 Idaho 554, 557, 224 P.3d 1143, 1146 (Ct. App. 2010). Thus, this issue is not properly before the Court. Additionally, Harthcock maintains the district court erred in denying Harthcock's motion to supplement his motion in limine with additional information. The record does not include a ruling from the district court on this matter, so this issue is not properly before the Court.

**E.      Request for Discovery**

Finally, Harthcock contends the district court abused its discretion in denying Harthcock's motion for discovery. He specifically requested the sentencing hearing transcript.[5] Whether to authorize discovery is a matter directed to the discretion of the trial court. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006). The district court is not required

---

*v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).

[5]      Harthcock requested other materials, but did not present argument regarding those materials at his hearing with the district court. Thus, because the district court did not rule on the other materials, we do not address those materials.

to order discovery "unless necessary to protect an applicant's substantial rights." *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992).

At a hearing, Harthcock indicated he filed a motion for the discovery of his first sentencing hearing transcript in order to find a quote from the transcript.[6] Specifically, Harthcock described the quote as "may be monitored for the rest of your life." The quoted language in fact comes from the second sentencing transcript, which the district court referenced in its notice of intent to dismiss and which Harthcock attached to his petition for post-conviction relief.

The district court inquired as to why the sentencing transcript was relevant. Harthcock argued that because he was sentenced to probation for the duration of his life, he was sentenced to a life sentence. The district court responded that "being on probation for a period of life is not the same as incarceration, and it is not a life sentence," and again asked why the initial sentencing transcript was relevant. Harthcock answered that it was relevant to his claim that his sentence was predetermined. Determining that Harthcock could not otherwise demonstrate how the initial sentencing hearing transcript was relevant to what happened at trial or at the subsequent sentencing, the district court denied Harthcock's request for discovery. We agree with the district court's determination. Harthcock did not provide any argument in his request for discovery, and during the hearing he was unable to articulate how the initial sentencing transcript was relevant. As the district court noted, probation is not a form of incarceration, and thus a life "sentence" of probation does not constitute a life sentence of incarceration. Moreover, neither a life term of probation, nor a quote about being monitored for life, demonstrates that a sentence is predetermined. Finally, the language Harthcock referenced was from the second sentencing transcript, which the district court indeed considered, as reflected in its notice of intent to dismiss Harthcock's petition, and which Harthcock attached to his petition. The district court therefore did not abuse its discretion in denying Harthcock's request for discovery.[7]

---

[6]     The first sentencing hearing occurred on June 4, 2012, but was vacated and rescheduled to September 17, 2012, because the district court rejected Harthcock's binding plea agreement.

[7]     Harthcock filed a motion for default with the Idaho Supreme Court, arguing that the State failed to respond to some of his issues on appeal. There is no default process on appeal, and therefore the motion was denied.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Harthcock's petition for post-conviction relief because his judicial sentencing error and prosecutorial misconduct claims could have been raised on direct appeal, and he failed to demonstrate deficient performance and prejudice for his ineffective assistance of trial counsel and appellate counsel claims. Additionally, the district court did not err in denying Harthcock's motion to amend his petition because his additional claims lacked merit. Finally, the district court did not err in denying Harthcock's request for discovery because Harthcock failed to establish how the requested material was relevant. Therefore, the district court's summary dismissal of Harthcock's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.